UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 7 - 2007
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUVENAL OVIDIO RICARDO<br>PALMERA PINEDA,<br>    a/k/a "Simon Trinidad"<br><br>Defendant. | Cr. No. 02-112-12 (TFH) |

## MEMORANDUM OPINION

Pending before the Court is Defendant Trinidad's Request for a Bill of Particulars, which seeks an order from the Court directing the government to file a bill of particulars addressing five enumerated categories of information, namely (1) the date the defendant visited Barrano Minas and met with Tomas Molina Caracas and other coconspirators alleged in Paragraph 8 of the Overt Acts section of the indictment, (2) dates and locations relating to the defendant's presence at an area controlled by Caracas and where he told local coca growers that price FARC would pay for cocaine base as alleged in Paragraphs 14 and 15 of the Overt Acts section of the indictment, (3) dates and locations of meetings or conversations in which the defendant participated but that were not identified in the indictment, (4) the date on which the defendant joined the conspiracy, and (5) the names and addresses of coconspirators named on Count One of the indictment. Def.'s Mot. 1-2. After carefully considering the defendant's motion and the government's opposition thereto,[1] and for the reasons that follow, the Court will deny the motion.

---

[1] No reply brief was filed by the defendant.

## DISCUSSION

Rule 7(f) of the Federal Rules of Criminal Procedure authorize courts to direct the government to file a bill of particulars. The purpose of a bill of particulars is to ensure that the charges brought against a defendant are presented with sufficient precision so that the defendant understands the charges, can prepare a defense, and can avoid double jeopardy at retrial. *United States v. Butler*, 822 F.2d 1191, 1193 (1987). "[W]hether a bill of particulars is necessary rests within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *United States v. Mejia*, 448 F.3d 436 (D.C. Cir. 2006) (internal quotation omitted); *Will v. United States*, 389 U.S. 90, 98 (1967) (noting that "federal trial courts have always had very broad discretion in ruling upon requests for such bills"). While a bill of particulars can provide the defendant with more information about the charges lodged against him, it is not intended to serve as a means to obtain "detailed disclosure of the government's evidence in advance of trial." *Overton v. United States*, 403 F.2d 444, 446 (5th Cir. 1968). Accordingly, "[t]he defendant is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996).

The defendant argues that the government should be directed to file a bill of particulars because the charges against him involve a broad conspiracy spanning more than a decade and provide "little or no notice concerning the dates and locations of the meetings and events in which Mr. Trinidad is alleged to have participated." Def.'s Mot. 3. A review of the superceding indictment in this case, however, reveals the identity of the specific criminal statutes the defendant is alleged to have violated, the nature of the charges and the identities of the coconspirators, the object, manner and means of the conspiracy – which highlights in some

2

detail the relationships between the various coconspirators and the acts in which they participated – and the overt acts attributed to the defendant and his coconspirators in furtherance of the conspiracy. Granted, although the specific dates on which alleged acts and events took place are not always identified with exactness, the Court nevertheless finds that the information in the indictment is stated with sufficient precision to ensure that the defendant understands the charges and can prepare his defense. *See United States v. Butler*, 822 F2d 1191, 1193 (D.C. Cir. 1987); *United States v. Conlon*, 628 F.2d 150, 155 (D.C. Cir. 1980) ("The test for sufficiency is whether it is fair to require the accused to defend himself on the basis of the charge as stated in the indictment."). There are sufficient dates for the defendant to assess the relative time frames when overt acts occurred. Moreover, the government states that it has produced extradition documents that include affidavits describing details about the alleged conspiracy, over 200 pages of documents that include transcripts and recordings of foreign judicial proceedings, statements made by the defendant, videotapes and DVDs, and photographs, and court filings in which the conspiracy is detailed, particularly the government's Third Motion Under the Speedy Trial Act for Continuance Based on Complex Case. Def.'s Opp'n Br. 11-12. The defendant filed no reply brief refuting this contention. In light of the amount of information currently available to the defendant regarding the charged conspiracy, the Court is not inclined to order the government to produce a bill of particulars at this time.

## CONCLUSION

For the reasons set forth above, the Court will deny Defendant Trinidad's Request for a Bill of Particulars. An appropriate order will accompany this Memorandum Opinion.

February ___, 2007

*Thomas F. Hogan*
Thomas F. Hogan
Chief Judge