UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 7 - 2007
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JUVENAL OVIDIO RICARDO
PALMERA PINEDA,
a/k/a "Simon Trinidad"

Defendant.

Cr. No. 02-112-12 (TFH)

## MEMORANDUM OPINION

Pending before the Court is the defendant's Motion to Strike Surplusage, which seeks an order from the Court striking the following language from the introduction section of the indictment: (1) the allegation in Paragraph 1 stating that "FARC uses murder, violence, intimidation and bribery in pursuit of its drug trafficking activities," (2) the statement in Paragraph 2 indicating that the United States Department of State designated FARC as a "foreign terrorist organization," and (3) the allegation in Paragraph 7 stating that the defendant is a member of the "Estado Mayor." Def.'s Mot. 1. After carefully considering the defendant's motion and the government's opposition thereto,[1] and for the reasons that follow, the Court will grant the motion in part and deny it in part.

## DISCUSSION

"'[A] motion to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998) (affirming the District Court's

---

[1] No reply brief was filed by the defendant.

refusal to strike language in the indictment after concluding that references to the defendant shooting aircraft passengers was relevant to establish that defendant had seized the aircraft and maintained control of it by "force" or "intimidation," which were elements of the crime of air piracy). The decision whether to strike is within the Court's discretion;[2] however, "the standard under Rule 7(d) has been strictly construed against striking surplusage." United States v. Jordan, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980). Indeed, "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." United States v. Climatemp, Inc., 482 F. Supp. 376, 391 (N.D. Ill. 1979).

With regard to the first request to strike language stating that "FARC uses murder, violence, intimidation and bribery in pursuit of its drug trafficking activities," the government does not oppose striking the word "bribery" from the indictment but argues that the remaining allegations are relevant to show the manner and means the conspirators employed to manufacture and distribute cocaine with the intent to import it into the United States, as charged in the indictment. Gov't Opp'n Br. 2. The Court is persuaded that the allegations are relevant to the charges in the indictment and may be admissible for the purpose of presenting a coherent and comprehensible story about the conspiracy, assuming the government establishes the proper foundation. United States v. Williams, 291 F.3d 1180, 1189 (D.C. Cir. 2002). A limiting instruction may be provided to the jury to avoid any prejudicial effect of statements in the indictment. Accordingly, the term "bribery" shall be stricken from Paragraph 1 of the

---

[2] "We review the trial court's decision whether to strike surplus language from an indictment when an appellant claims prejudice under an 'abuse of discretion' standard." United States v. Edmond, 52 F.3d 1080, 1112 (quoting United States v. Jordan, 626 F.2d 928, 930-32 (D.C. Cir. 1980)).

introduction section to the indictment but the remaining language shall remain intact.

Turning to the defendant's requests to strike the language in Paragraphs 2 and 7 of the introduction to the indictment, those requests are unopposed by the government, Gov't Opp'n Br. 1, so the reference to the United States Department of State designation of FARC as a "foreign terrorist organization" and the statement that the defendant is a member of the "Estado Mayor" shall be stricken.

## CONCLUSION

For the reasons set forth above, the Court will deny the defendant's request to strike the allegation in Paragraph 1 stating that "FARC uses murder, violence, intimidation and bribery in pursuit of its drug trafficking activities" but will grant the requests to strike the statement in Paragraph 2 indicating that the United States Department of State designated FARC as a "foreign terrorist organization" and the allegation in Paragraph 7 stating that the defendant is a member of the "Estado Mayor." An appropriate order will accompany this Memorandum Opinion.

February 5th, 2007

Thomas F. Hogan
Chief Judge